UNITED STATES of America, Plaintiff–Appellee,

v.

Juan Carlos SANTANA–ALVARADO, Defendant–Appellant.

No. 04–41496.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Jan. 26, 2006.

504

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Juan Carlos Santana–Alvarado appeals his 46–month sentence following his guilty-plea conviction for being unlawfully present in the United States after having been deported, a violation of 8 U.S.C. § 1326. The indictment did not allege that Santana–Alvarado's deportation was subsequent to a felony or aggravated-felony conviction, and it did not specifically cite to any subsection of 8 U.S.C. § 1326. In pertinent part, the sentencing guideline base offense level was increased sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because Santana–Alvarado was previously deported after a state deferred-adjudication conviction for aggravated assault with a deadly weapon, a crime of violence. Santana–Alvarado objected to this increase on the basis of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

Santana–Alvarado challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Santana–Alvarado contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Santana–Alvarado properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Santana–Alvarado also argues that the district court committed reversible error when it sentenced him pursuant to the mandatory sentencing guidelines system held unconstitutional in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The Government concedes that Santana–Alvarado's objection on the basis of *Blakely* preserved this issue. Because the district court sentenced Santana–Alvarado under a mandatory guidelines regime, it committed *Fanfan* error. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 733 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005); *see*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also *United States v. Walters,* 418 F.3d 461, 463 (5th Cir.2005) (discussing the difference between Sixth Amendment *Booker* error and Fanfan error).

■ "Thus, the only question is whether the Government has met its burden to show harmless error beyond a reasonable doubt in the imposition of [Santana's] sentence." *Walters,* 418 F.3d at 464.[1] Santana–Alvarado concedes that his argument that the error was structural in nature and thus not subject to harmless-error review is foreclosed by *United States v. Martinez–Lugo,* 411 F.3d 597, 601 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 464, 163 L.Ed.2d 352 (2005), but he raises the argument to preserve it for further review. We are not persuaded by the Government's argument that the error was harmless, particularly in light of the district court's lack of clear commentary regarding the sentence and its decision to sentence at the bottom of the applicable guideline range.

Accordingly, we VACATE Santana–Alvarado's sentence and REMAND to the district court for re-sentencing.

---

1. Although we must follow the panel's decision in *Walters, United States v. Ruiz,* 180 F.3d 675, 676 (5th Cir.1999), we note that the standard of review it applied—requiring the Government to show that preserved Fanfan error was harmless beyond a reasonable doubt—was not contested in the case and appears to be incorrect because Fanfan error is nonconstitutional error, *see United States v. Hughes,* 401 F.3d 540, 553 (4th Cir.2005) (pointing out that Fanfan error, unlike *Booker* error, is nonconstitutional). Rather, "harmless error" in Fanfan cases is defined by the standard announced in *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). *See United States v. Hernandez–Guevara,* 162 F.3d 863, 876 (5th Cir. 1998) (applying *Kotteakos* to preserved nonconstitutional error). But the issue is irrelevant here because the Government cannot meet either burden.